Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7187 | **DATE** | September 16, 2002 |
| **CASE TITLE** | Johnson and Johnson v. Wattenbarger and Wattenbarger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment (Doc. # 28)
Plaintiffs' Cross Motion for Sumamry Judgment (Doc. # 30)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

For the attached reasons, the Court DISMISSES without prejudice the Plaintiffs' First Amended Complaint and Defendants' counterclaim for lack of subject matter jurisdiction. All other pending motions are denied as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | JHC | courtroom deputy's initials | 02 SEP 16 PM 9: 25 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND JOHNSON and ROBERT JOHNSON, | **DOCKETED** |
| Plaintiff, | SEP 17 2002 |
| v. | No. 00 C 7187 |
| LEE WATTENBARGER and RUTH WATTENBARGER | Judge William J. Hibbler |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Court has before it the Plaintiffs' and Defendants' cross-motions for summary judgment concerning the parties' contract dispute. The motions are fully briefed and the Court has examined the parties' submissions. The Court earlier ruled on defendants' motion to dismiss for lack of subject-matter jurisdiction as well as failure to state a claim upon which relief can be granted, which it granted in part and denied in part. Upon further development of the record, however, the Court finds that subject matter jurisdiction is lacking, and dismissal required. For the reasons cited herein, the Court therefore DISMISSES all remaining counts for lack of jurisdiction.

### Background

This dispute arises out of a series of failed contracts for home construction and repair work. Plaintiffs Raymond and Robert Johnson allege that they contracted with Lee and Ruth Wattenbarger to perform remodeling work on the defendants' home. The plaintiffs further maintain that the parties had an oral understanding that they would

1

perform the agreed upon work at a reduced rate in exchange for defendants serving as a "referral" for other projects. Unfortunately for the parties, the business relationship turned sour, and both parties complain that the other failed to fulfill their obligations under the contracts. The Johnsons claim that the Wattenbargers refused to pay the balance due upon completion of the work, failed to allow them to post a sign in their yard to serve as a referral, and intentionally delayed and frustrated completion of the work causing the Johnsons' to lose other contracts. Accordingly, the Johnsons filed this suit, alleging that the defendants are liable for breach of written contract (Count 1), breach of oral contracts (Count 2), and tortious interference with contracts (Count 4).[1] The defendants filed a counterclaim, alleging that the plaintiffs performed substandard work, damaged their property, and failed to complete the work contracted for. The defendants also allege that the plaintiffs provided false information and statements in order to obtain a contractor's lien against their home.

Before proceeding to the merits of the parties' motions for summary judgment, the Court must first assure itself of the jurisdictional basis for plaintiffs' claims. Although the Court previously examined the existence of jurisdiction, it is well settled that courts are required to notice jurisdictional faults at any time and can raise the issue of jurisdiction *sua sponte*. *Wellness Community-National v. Wellness House*, 70 F.3d 46, 51 (7th Cir. 1995). "The requirement that jurisdiction be established as a

---

[1] The Court previously dismissed pursuant to Fed. R. Civ. P. 12(b)(6) the plaintiffs' claims for tortious interference with business relationships (Count 3), intentional infliction of emotional distress (Count 5) and loss of net profits and wages/income (Count 6).

threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' " *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). Once the Court has reason to believe that there is a serious jurisdictional issue, it is obliged to resolve it before proceeding to the merits. *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998); *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986).

In their complaint, the plaintiffs assert that jurisdiction is proper under 28 U.S.C. § 1332. In order to support jurisdiction under § 1332, two requirements must be satisfied: complete diversity of citizenship between the plaintiffs and the defendants, and the existence of an amount in controversy in excess of $75,000 exclusive of interests and costs. For the moment, the Court will put aside the issue of the diversity of citizenship and turn directly to the jurisdictional amount. As the party seeking to invoke federal diversity jurisdiction, the Johnsons bear the burden of demonstrating the existence of the amount in controversy. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Nevertheless, the Seventh Circuit has indicated a preference for honoring the plaintiffs' determination of the amount in controversy. *See Barbers, Hairstyling for Men & Women v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). Accordingly, for the purposes of determining whether plaintiffs' claims satisfy the jurisdictional amount, the Court accepts plaintiffs'

evaluation of the stakes involved in this litigation, as stated both in plaintiffs' first amended complaint and in plaintiffs' response to defendants' interrogatory number five.

The amount in controversy can be calculated as whatever is required to satisfy the plaintiffs' demands in full. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir.1998). Three of plaintiffs' six claims (breach of written contract, breach of oral contract, and tortious interference with business relationships) survived the defendants' 12(b)(6) motion. In determining whether a plaintiff has satisfied the jurisdictional amount, the plaintiffs may aggregate their claims against a single defendant. Fed. R. Civ. Pro. 18(a). But in this case, the amount that the plaintiffs' allege is at issue fails to reach the jurisdictional threshold. Count I, for breach of written contract, alleges that the defendants have not paid a balance of $8,725 on the contracts in dispute. Count II, for breach of two oral contracts alleges that the defendants agreed to modify the written contract and pay an additional $6,020, which remains unpaid. Count II further alleges that the defendants breached an oral agreement to allow the plaintiffs to use their home as a "referral," and seeks the recovery of $33,000, an amount the plaintiffs claim they reduced the cost of their services in exchange for the "referral." Finally, Count IV, for tortious interference with contracts, alleges that the defendants intentionally frustrated the plaintiffs, preventing them from completing their work and costing the

plaintiffs $24,250 in lost profits on other contracts.[2] Thus, the sum required to satisfy plaintiffs' claims in full thus amounts to only $71,955—a sum that is insufficient to invoke the Court's diversity jurisdiction.[3] In their response to the defendants motion for summary judgment, the plaintiffs attempt to repackage their claim for lost wages (in the amount of $42,000) by including it in their argument regarding Count II. As noted earlier, however, the Court has ruled that the plaintiffs failed to state a claim for lost wages and this amount therefore does not count towards the jurisdictional threshold. As there is no other basis for jurisdiction, the Court must dismiss this action without prejudice.

A final cautionary word to the parties is in order, for the Court observed yet another jurisdictional problem, of which neither party seems to be aware. Federal Rule of Civil Procedure 17(a) requires that "Every action shall be prosecuted in the name of the real party of interest." Rule 17(a), similar to the requirement that the plaintiff have standing to sue, ensures that "'a plaintiff . . . possesses a sufficient interest in the

---

[2] Count IV alleges that the defendants interfered with $48,500 in contracts, from which the plaintiffs would make $24,250 in net profit. In a commercial dispute, the amount in controversy is the cost of cover. *See Caudle v. American Arbitration Assoc.*, 230 F.3d 920, 923 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998). Similarly, in this case, the Court finds that the amount in controversy is only that lost profit necessary to make the plaintiffs whole.

[3] For completeness' sake, the Court notes that the defendants' counterclaim also fails to satisfy the jurisdictional threshold. The defendants seek $64,352 and a declaration that a lien recorded against their home by the plaintiffs that claimed a balance due of $8,200. In any event, a defendant's counterclaim filed *after* a failed challenge to jurisdiction, on the grounds that the claim does not satisfy the jurisdictional amount, does not provide a basis for federal jurisdiction. *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 514 (7th Cir. 1969).

5

action to entitle him to be heard on the merits.'" *Weisman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1996) (quoting 6A Charles Alan Miller et al., Federal Practice and Procedure § 1542 (2d ed. 1990)) (ellipsis added). In this case, the contracts in dispute are not between the Wattenbargers and the Johnsons. Instead, the contracts at issue are between the Wattenbargers and two corporations—RLJ & Associates, Inc. and Pippen Home Improvements. The plaintiffs allege in their complaint that the parties agreed that they would pay Raymond Johnson directly, but this allegation is simply irrelevant. Because corporations are allowed to sue in their own name, courts "must exclude attempts by the participants in the venture to recover for their individual injuries." *Weisman*, 12 F.3d at 86. The parties to the contracts are the Wattenbargers and the two corporations—RLJ & Associates and Pippen Home Improvements. Thus those corporations (and not the Johnsons) have a claim for a breach of contract, and are the real party in interest under Rule 17(a).

For the foregoing reasons, the plaintiffs' claim and the defendants' counterclaim are DISMISSED for want of subject matter jurisdiction. All other pending motions are DENIED as moot.

Date: 9/16/02

William J. Hibbler, Judge
United States District Court

6